SMITH, FRAZIER & CO., APPELLEES, V. W. Z. TAYLOR & CO., APPELLANTS.

**Partnership:** CREDITOR'S BILL. In an action in the nature of a creditor's bill, where the defendants in their answer admit the recovery of the judgment and the return of an execution thereon unsatisfied, but allege that such return is untrue, and that the firm at the time of the levy of the execution was possessed of sufficient property on which to levy to satisfy the same, but the court below found that the return conformed to the facts, *Held*, That the evidence sustained the judgment.

APPEAL from the district court of Hitchcock county. Heard below before COCHRAN J.

*J. Byron Jennings* (*E. W. Metcalfe* with him), for appellants, cited: *Ruth v. Lowrey*, 10 Neb., 260. *Leach v. Milburn Wagon Co.*, 14 Neb., 109. *Lee v. Harback*, 2 W. L. M. (Ohio), 527. *Weaver v. Cressman*, 21 Neb., 675. *Sayre v. Thompson*, 18 Neb., 39.

*Geo. E. Banks*, for appellees, cited: *Leach v. Milburn Wagon Co.*, 14 Neb., 107. *Johnson v. Jones*, 2 Neb., 126. Greenleaf Evidence, 13th Ed., Vol. 1, p. 79.

MAXWELL, J.

This is an action to subject the individual property of the members of a firm to the payment of a partnership debt. The defendants are husband and wife. It is alleged in the petition "that on the 13th day of October, 1882, and for a long time prior thereto and thereafter, defendants were copartners, doing business under the firm name and style of W. Z. Taylor & Co., Culbertson, Hitchcock county, Nebraska.

"At the October term, 1886, of the district court of Hitchcock county, Nebraska, the plaintiffs recovered judg-

ment against said copartnership for the sum of $413 and costs, taxed at $4.43, upon a partnership debt, which judgment still remains in full force, and unsatisfied.

"On the 29th day of November, 1886, an execution was duly issued on said judgment against said copartners, and delivered to the sheriff of said county, commanding him to levy the same upon the goods and chattels of said defendants, and for want of the same, upon the lands and tenements belonging to them, which execution, on the 27th day of December, 1886, was returned wholly unsatisfied; that said firm have no property out of which to collect said judgment, or any part thereof."

The defendants, in their answer, admit the partnership; admit the recovery of a judgment as alleged, and the return of an execution thereon unsatisfied, but "deny that said firm has no property out of which to collect said judgment or any part thereof. As a defense to this action, defendants allege the facts to be, that there is full and sufficient amount of property and credits owned by said firm of W. Z. Taylor & Co. out of which plaintiff can make and collect the whole amount of said judgment and costs."

On the trial of the cause the court found the facts as follows:

"That on Nov. 29, 1887, an execution was issued on said judgment against said copartnership, and directed to the sheriff of said county, which execution was, on the 27th day of December, 1886, returned wholly unsatisfied; that said copartnership has no property out of which to collect said judgment or any part thereof." The court rendered judgment, subjecting the individual property of the members of the firm to the payment of the judgment.

It will be observed that the only question is, whether or not there was sufficient firm property on which to levy to satisfy the judgment. Mr. Taylor testified as a witness on behalf of the firm, and stated that at the time of the levy the firm possessed notes and accounts of the nominal

value of $2,000. The actual value of these accounts and notes does not appear in the testimony, but we are led to infer from Mr. Taylor's cross-examination that they were of very little value. There is a reference in his testimony to an assignment made by the Taylors for the benefit of creditors, and this property, with the other firm property, seems to have been in possession of the assignee at the time of the levy, and not subject to be levied upon under the execution. His testimony also shows that the firm possessed a span of horses in an adjoining county, and perhaps some other property there. There is a want of frankness in Taylor's testimony as to what particular property was claimed by the firm as such, and what was claimed by the members thereof; and in reviewing the evidence it is impossible for this court to say that any *firm* property was to be found at the time of the levy from which to satisfy the execution. This being the condition of the evidence, the court below did not err in its findings and decree. The judgment of the court below is clearly right, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.